IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUDREY MCDANIELS, | : | |
|     Plaintiff, | : | |
|         v. | : | CIVIL ACTION |
| | : | NO. 12-6514 |
| CITY OF PHILADELPHIA, et al., | : | |
|     Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

Rufe, J.                                                                                                                     October 31, 2013

Plaintiff has filed a complaint against the City of Philadelphia, the City's Department of Human Services, and Pennsylvania's Department of Public Welfare, alleging that these entities failed to adequately investigate her claims of domestic abuse and provide protection to her and her children. She also makes allegations regarding financial support for and custody of her minor children. Defendants have filed timely motions to dismiss the claims. For the reasons set forth herein, the motions will be granted.

**I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiff filed this civil action on November 19, 2012. The initial complaint focused on Defendants' failure to respond to Plaintiff's reports of domestic abuse and requests for help with a severely disabled adult temporarily in her care. She alleged that these events occurred in 2000, 2001, and 2002. On December 10, 2012, Before Defendants were served, Plaintiff sought leave to amend the complaint, which was granted. Plaintiff missed the deadline for amendment, and filed a second motion for leave to amend on January 24, 2013, which was granted. Before any amendment was filed, Defendants each filed motions to dismiss the initial complaint. On March 6, 2013, Plaintiff asked for additional time to file an amended complaint, which was granted.

On April 1, 2013, Plaintiff filed her Amended Complaint. In light of the amendment, the Court dismissed Defendants' motions to dismiss the complaint as moot. On April 12 and April 19, 2013, Defendants timely filed Motions to Dismiss the Amended Complaint, to which Plaintiff filed an opposition on May 15, 2013. Although Plaintiff's opposition was not filed within the time allowed by the local rules of civil procedure, the Court has considered it in deciding the motions.

In her Amended Complaint, Plaintiff alleges that Dewey Gillespie, her partner and the father of eight of her twelve children, was abusive to her and their children. Despite calls to the police, the assignment of case workers to her family, and other requests for assistance, she alleges that Defendants negligently or willfully failed to protect her and her children from Gillespie's abusive actions. Plaintiff alleges that the abuse by Gillespie was ongoing from 2002 through 2011. However, the Court notes that on June 15, 2007, Plaintiff was sentenced to fifteen to thirty years of incarceration by the Philadelphia Court of Common Pleas,[1] and the Complaint alleges no facts from which the Court can find that Gillespie abused her after that date. Regarding Gillespie's abuse of their children, on the other hand, the record indicates that the Department of Public Welfare investigated at least one report of sexual abuse in March 2010.[2] Therefore, Gillespie's abuse of the children may have continued after Plaintiff's incarceration, as alleged.

Plaintiff alleges that Gillespie tried to get custody of the children after she went to prison, and that she was fighting to keep custody through June 2011.

Plaintiff also alleges that the Defendants failed to require Gillespie to provide financial support to their mutual children, whereas she was required to find work while pregnant in order

---

[1] See Philadelphia Court of Common Pleas, Doc. No. CP-51-CR-1211101-2002.
[2] See Complaint, Exhibits A-1 and B.

to receive public benefits. She admits that she did receive public benefits for her children, including food, medical, and cash assistance, but asserts, without factual support, that Defendants negligently failed to provide them with food, clothing and shelter.

Plaintiff asserts that Defendants' alleged failings with regard to her and her children were motivated in part by her race and by racial stereotypes, and in part by Gillespie's looks and charm. She sets forth no factual support for these assertions.

Plaintiff does not seek injunctive relief, but rather seeks monetary damages.

**II.     STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[3] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[4] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[5] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[6] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[7] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[8] Legal

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).
[4] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).
[5] T*wombly*, 550 U.S. at 555, 564.
[6] *Id.* at 570.
[7] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).
[8] *Id.* (quoting *McGregor v. Indus. Excess Landfill, Inc.,* 856 F.2d 39, 42-43 (6th Cir. 1988)).

questions that depend upon a developed factual record are not properly the subject of a motion to dismiss.[9]

**III.   DISCUSSION**

Strictly construed, the Amended Complaint only asserts a tort claim, a state law claim over which the Court would not have jurisdiction because the parties are not diverse. However, because Plaintiff is proceeding *pro se,* the Court construes the pleadings liberally to assert civil rights and due process claims under federal law. Specifically, the Court finds that Plaintiff's claims could be interpreted as containing claims of race-based discrimination in the provision of social services and claims of substantive due process violations.

Defendants argue that, to the extent that Plaintiff seeks to bring claims on behalf of her minor children, she is required to secure counsel to represent them. The Court agrees. Non-lawyer parents may not represent their children in federal court proceedings.[10] Therefore, while noting that Plaintiff denies asserting *any* claims on behalf of her minor children,[11] to the extent that some of Plaintiff's claims can be construed as claims on behalf of her minor children (i.e. her allegations that Defendants failed to protect them from abuse and failed to provide them with food, clothing, and shelter) those claims are dismissed without prejudice to her right to retain counsel to pursue those claims on behalf of her children, or to her children's rights to pursue the claims upon achieving eighteen years of age or legal emancipation, within the applicable statute of limitations.

Plaintiff's claims that Defendants failed to protect her from abuse by Gillespie must be dismissed, as these claims clearly stem from events which occurred prior to her incarceration in

---

[9] *See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc.,* 836 F. Supp. 2d 274 (E.D. Pa. 2011).
[10] *Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882-883 (3d Cir. 1991); *Cole v. Montaque Bd. of Ed.*, 145 Fed. App'x 760, 762 (3d Cir. 2005).
[11] Doc. No. 27 at 7.

4

2007, and are now barred by the applicable statute of limitations. As noted above, the Court construes these claims as claims of discrimination and constitutional violations under §1983. Section 1983 does not contain a statute of limitations, and federal courts must look to analogous state law to determine the governing statute of limitations.[12] It is well established that, in Pennsylvania, §1983 claims must be brought within 2 years of the operative events.[13] As Plaintiff was sentenced to 15 to 30 years incarceration in 2007, and does not allege that she was abused by Gillespie during her incarceration, the Court finds that Plaintiff's claim that Defendants failed to protect her from abuse by Gillespie, which was filed in 2012, is time barred.[14]

Similarly, Plaintiff claims that Defendants failed to require Gillespie to provide financial support for their mutual children, whereas the Department of Public Welfare required Plaintiff to work in order to receive food, medical, and cash assistance. She alleges that this demonstrates a bias against her as an African-American woman with many children, and argues that this unequal treatment of mothers and fathers demonstrates a willful violation of her constitutional and civil rights. Because Plaintiff has been incarcerated since 2007, these claims cannot have accrued since that date. Therefore, this claim was also time-barred by the two-year statute of limitations when filed in 2012.[15]

---

[12] *Urritia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 n.9 (3d Cir. 1996).
[13] *Id.; Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).
[14] Additionally, the state and city Defendants generally have no affirmative duty to protect citizens from harm by other private citizens, even if they were aware of the risk of harm, absent affirmative acts by the state. *DeShaney v. Winnebago County Dept. of Soc. Services*, 489 U.S. 189 (1989). To allege a constitutional claim for failure to protect from private acts of violence, Plaintiff must allege either that a special relationship existed between Defendant and Plaintiff, such that they were responsible for her well-being (e.g. that she suffered the abuse while in the custody of the government), or that the state or local government created the danger by acting with culpability to create a danger which caused foreseeable harm. *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006). Plaintiff fails to allege facts supporting either theory of liability. Accordingly, these claims would be dismissed for failure to state a claim even if they were deemed timely filed.
[15] Moreover, Plaintiff does not allege that she sought child support from Gillespie, that she had obtained a child support agreement or order, or that Defendants were the appropriate entities to enforce a child support agreement or order. Accordingly, this claim would also be dismissed for failure to state a claim against Defendants.

Finally, Plaintiff alleges that she fought with Gillespie over the custody of their mutual children even after she was incarcerated, through 2011, but the Complaint does contain any facts from which the Court can find that Defendants had any role in that private custody dispute. Plaintiff has not set forth any factual allegations suggesting that the state or the city acted to deprive Plaintiff of custody of her children without due process. Accordingly, to the extent that Plaintiff attempts to state a claim against Defendants regarding the custody of her minor children, this claim is inadequately supported by factual allegations and must be dismissed.

Defendant Pennsylvania Department of Public Welfare asks the Court to dismiss Plaintiff's Amended Complaint as claims against the agency are barred by the Eleventh Amendment. Because the Court dismisses all claims on other grounds, it need not reach this argument.

**IV. CONCLUSION**

For the reasons set forth herein, Plaintiff's claims that Defendants failed to protect her children from abuse by Gillespie and/or failed to ensure that they received adequate food, clothing, and shelter are dismissed without prejudice to timely renewal in the event that Plaintiff retains counsel for her children or they wish to pursue these claims upon reaching age eighteen. Plaintiff's claim that Defendants failed to protect her from abuse by Gillespie and Plaintiff's claim that Defendants failed to require Gillespie to contribute financially to the care of their mutual children are dismissed with prejudice as time-barred by the applicable statute of limitations. Finally, Plaintiff's claim regarding her desire to retain custody of her children during her incarceration are dismissed for failure to state a claim against Defendants, as the Amended Complaint indicates that the custody dispute was with Gillespie, not Defendants.

An appropriate Order follows.